FILED
CLERK, U.S. DISTRICT COURT

DEC 1 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX TORRES, JR., | Case No. SA CV 08-01270 GW (AN) |
| Plaintiff, | ORDER DISMISSING §1983 CIVIL RIGHTS ACTION FOR DISOBEDIENCE WITH COURT ORDER AND FAILURE TO PROSECUTE [Fed.R.Civ.P. 41(b)] |
| v. | |
| THE BOARD OF GOVERNORS OF THE STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

## I. BACKGROUND

On March 31, 2010, the magistrate judge issued a memorandum and order (dkt. 44) ("3/31/10 Order"). The 3/31/10 Order gave plaintiff Felix Torres, Jr., a disbarred lawyer who is proceeding in forma pauperis ("IFP"), a detailed explanation of why the claims in his first amended complaint ("FAC") were subject to dismissal. The 3/31/10 Order explained the magistrate judge found Torres filed his FAC for the abusive and malicious purpose of harassing the State Bar Defendants and needlessly increasing their litigation costs, and that Torres violated Rule 11(b) of the Federal Rules of Civil Procedure by presenting claims and legal contentions in his FAC that were frivolous, malicious, and/or failed to state claims for relief for the reasons explained in the 3/31/10 Order. (3/31/10 Order at 32-34.)

Moreover, the 3/31/10 Order reflects the magistrate judge found that, unless protective measures were taken, Torres would continue his pattern of abusive and malicious litigation by filing a second amended complaint that would contain the same or similar frivolous or baseless allegations and claims. (*Id.*) Indeed, the 3/31/10 Order further reflects the concern was also based upon the fact that a vexatious litigant order that Judge James Ware of the United States District Court for the Northern District of California had issued against Torres for engaging in the same or similar conduct only had the effect of causing Torres to shift the venue for his vexatious litigation from the Northern District of California to this court. The magistrate judge's concerns were also based upon the following facts:

(1) Torres's FAC, which alleges that "since 2003, [he] has been an active litigator against the Bar (over 15 civil suits and appeals)[,]" and that he maintains a blog site, www.myspace.com/calbarblog, which is "known to all defendants at the Bar as nothing more than [his] attempt to dishonor the Bar and its 'esteem[ed]' judges and legal process (and its federal supporters) and defames the 'even handed' disciplinary system within the Bar." (FAC, ¶ 18.)

(2) Torres's blog site, where he references his occupation as "Professional State Bar Ass Kicker[,]" asks others for their "help in fucking with a defacto union called the State Bar of California[,]" and proclaims "[h]ow to fuck (legally) with the State Bar and make them pay out of their ass for violating your civil rights."

3) Judge Ware's aforementioned vexatious litigant order, which the Ninth Circuit affirmed on appeal. *Torres v. State Bar of California*, no. 06-15571, 2007 WL

>  2399880 (9th Cir. Aug. 13, 2007).
>
> (4) This court's own records, which establish that, in addition to the pending action, Torres filed a prior IFP request, which was denied because his accompanying complaint that raised similar § 1983 and other claims against the California Supreme Court, the State Bar, and the State Bar Court regarding his suspension from the State Bar contained claims that were legally and/or factually patently frivolous. *Torres v. California Supreme Court, et al.*, no. SACV 06-890, order denying IFP request (C.D. Cal. Oct. 11, 2006). The court's own records also establish Torres has filed other § 1983 complaints against unrelated defendants that have been dismissed for failing to state a claim.

(3/31/10 Order at 33-34.)

Based upon the foregoing, the 3/31/10 Order dismissed the FAC with leave to amend "even though the defects appear[ed] to be incurable," and denied the pending motions to dismiss without prejudice as moot. (*Id.* at 35.) The 3/31/10 Order also directed Torres to file and serve either a second amended complaint or request to voluntarily dismiss the action by April 8, 2010. (*Id.*) The 3/31/10 Order also set forth the following directive:

> In the event Torres elects to proceed by filing a second amended complaint, Torres is ordered to personally appear before the court on **April 15, 2010**, at 10:00 a.m., in Courtroom 6B of the Ronald Reagan Federal Building and United States Courthouse, located at 411 W. 4th Street, Santa Ana, California, 92701, and show cause: (1) why monetary sanctions of $700.00 should not be imposed against him for filing the FAC, (2)

and/or why a vexatious litigant order should not be imposed against him that directs the clerk not to accept further filings from him without payment of the full filing fee and/or without written authorization from a judge or magistrate judge of the court, and (3) why further sanctions should not be imposed against him in the event the court finds his second amended complaint contains allegations and/or claims that are frivolous, malicious, or otherwise fail to state a claim for relief. In the event Torres files a second amended complaint, the time for the defendants to file and serve their responses is stayed until otherwise ordered by the court.

(*Id.*) Finally, the 3/31/10 Order gave Torres the following notice:

Torres is notified this action will be dismissed with prejudice for disobedience with a court order and want of prosecution, and that a vexatious litigant order may also be imposed against him, if he fails to comply with the terms of this order. No further notice will be given.

(*Id.*) Despite the foregoing warning, Torres violated the 3/31/10 Order by failing to file either a second amended petition or request for voluntary dismissal by the court-ordered deadline.

## II. DISCUSSION

District courts may dismiss an action based on a plaintiff's failure to comply with a court order or want of prosecution. Fed. R. Civ. P. 41(b) ("Rule 41(b)"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas petition because of petitioner's disobedience with orders setting filing deadlines); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir.), *cert. denied*, 516 U.S. 838, 116 S. Ct. 119 (1995) (affirming dismissal of

prisoner's civil rights complaint for failure to file opposition to motion to dismiss as required by local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* litigant's civil rights complaint for failure to comply with district court's order to file an amended pleading).

In determining whether to dismiss a claim for disobedience with a court order or the failure to prosecute, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Ferdik*, 963 F.2d at 1260-61.

All five factors favor dismissal of Torres's FAC and the pending action. Torres's failure to file his second amended complaint or a request for dismissal in the time directed by the 3/31/10 Order has: (1) interfered with the defendants' right to be notified of the claims in a prompt manner and to prepare defenses thereto, (2) interfered with the public's interest in the expeditious resolution of this action, and (3) interfered with the court's need to manage its busy docket. Even the fourth factor -- the public policy favoring a disposition of cases on the merits -- favors a dismissal where, as here, Torres disobeyed the 3/31/10 Order by failing to file a second amended complaint raising meritorious claims despite being given an opportunity to do so. Finally, the court's warning to Torres that this action would be dismissed if he did not file the second amended complaint or a request for dismissal in the time and manner directed by the 3/31/10 Order constitutes a less drastic measure that was available and used by the court to compel his compliance before dismissal. Torres's disobedience with this less drastic measure leads the court to find further less drastic measures would be futile, and that an immediate dismissal of this action is warranted.

Finally, the court finds dismissal is appropriate because the Ninth Circuit recently held "[t]he failure of the plaintiff eventually to respond to the court's ultimatum -- either by amending the complaint or by indicating to the court that it will not do so -- is properly

Page 5

met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004). The fact that Torres is a former attorney makes his failure to comply with the 3/31/10 Order completely inexcusable and underscores his vexatiousness.

### III. CONCLUSION

For the reasons set forth above, the reference to the Magistrate Judge is vacated, and this action is dismissed with prejudice pursuant to Rule 41(b). All pending motions are terminated and the clerk is directed to enter judgment accordingly and notify Plaintiff.

Dated: December 8, 2010

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge